UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DAVID CHRISTIAN,
    Plaintiff,

v.                            C.A. No. 14-152S

WARWICK REALTY, LLC,
NORMAN ZOLKOS, JACQUELYN
ZOLKOS, SARA CARPENTER,
REBECCA CARPENTER, BRENDA L.
RICCI, ERNIE RICCI, BIDPRO LLC, and
TRISTAR PROPERTIES LLC,
    Defendants.

### REPORT AND RECOMMENDATION

Patricia A. Sullivan, United States Magistrate Judge

     Plaintiff David Christian, a citizen of Rhode Island, brings this action against nine residents of Rhode Island and Massachusetts; he asserts fraud, breach of contract and related claims arising from his attempt to purchase or lease a fix-up property that he, as a self-described contractor, planned to resell at "an extremely large profit." ECF No. 1 ¶ 4. Instead of paying the $400 filing fee, Plaintiff has filed an Application to Proceed in District Court without Prepaying Fees or Costs, seeking leave to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915(a)(1). His IFP motion has been referred to me. In light of my conclusion that his IFP motion should be denied, I address the motion by report and recommendation. Janneh v. Johnson & Wales Univ., No. 11-352 ML, 2011 WL 4597510, at *1 (D.R.I. Sept. 12, 2011) (denial of a motion to proceed *in forma pauperis* is functional equivalent of an involuntary dismissal and magistrate judge should issue report and recommendation for final decision by district court).

     Section 1915 permits persons otherwise unable to access the courts to proceed without paying costs such as the filing fee, which instead are defrayed at public expense. 28 U.S.C. §

1915(a)(1). While "[i]nability to pay" is a nettlesome concept, this Court must "hold the balance steady and true as between fairness to the putatively indigent suitor and fairness to the society which ultimately foots the bill." Temple v. Ellerthorpe, 586 F. Supp. 848, 850 (D.R.I. 1984). While a plaintiff may not be required to pay "the last dollar they have or can get, and thus make themselves and their dependents wholly destitute," Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948), "a plaintiff, even though of small means, could reasonably be asked to some small degree to 'put his money where his mouth is,' it being all too easy to file suits, even with sufficient pro forma allegations, if it costs nothing whatever to do so." In re Stump, 449 F.2d 1297, 1298 (1st Cir. 1971) (per curiam).

In making the determination whether a litigant is unable to pay, this Court must take into account not only the applicant's personal income but also his other financial resources, including income and assets available from a spouse or family members who are part of the close family. See Pisano v. Astrue, No. 11-30269, 2012 WL 79188, at *1-2 (D. Mass. Jan. 10, 2012) (when family income, resources and obligations are intertwined, court must take wife's income into account in making IFP assessment; spouse and close family are relevant); 20 Am. Jur. 2d Costs § 100 (2014) (where two people live together and function as single economic unit, whether married, related or otherwise, consideration of combined financial assets warranted to determine indigency in civil proceeding); cf. In re Crosswhite, 148 F.3d 879, 889 (7th Cir. 1998) (in bankruptcy context, economic interdependence is relevant – to the extent that contribution of live-in girlfriend to household living expenses improved economic picture, it ought to be considered). Confirming the relevancy of spousal income is AO Form 239, the Application to Proceed in District Court without Prepaying Fees or Costs, which contemplates that an applicant must provide income, employment information, assets and expenses for his or her spouse.

With these principles as backdrop, I turn to Plaintiff's IFP application, which presents this Court with several conundrums. First, the Complaint describes Plaintiff as holding himself out as a contractor, capable of rehabilitating a residence and preparing it for sale, while his Application indicates that he is collecting money for disability. In addition to disability income, his Application lists average monthly income from self-employment of $250 a month and states that he expects to earn $500 from self-employment next month. On the expense side of the ledger, the Application indicates that Plaintiff lives with his girlfriend, who pays most of the bills; however, Plaintiff[1] provided no information regarding her income, employment or assets. Also troubling is the use of the pronoun "we" in the Complaint in reference to the signing of the mortgage agreement, ECF No. 1 ¶ 8, and the signing of the lease, ECF No. 1 ¶ 22, suggesting his live-in girlfriend may be a real-party-in-interest in this case. Finally, the Complaint asserts that the real estate that is the subject of the action was purchased in part as a residence for Plaintiff "and his family," confirming that they are a family unit so that her financial information must be considered by this Court. Pisano, 2012 WL 79188, at *1; 20 Am. Jur. 2d Costs § 100.

In short, Plaintiff's Application raises more questions than it answers. Superficially, this Court could conclude that Plaintiff's expected income in the next month ($500) exceeds the amount of the filing fee and he lives in a household where someone else takes responsibility for paying most of the bills; accordingly, it would appear that he is able to prepay the filing fee. However, a more nuanced and realistic Application – one that incorporates his girlfriend's relevant information – may (or may not) reveal that he is unable to pay the costs as he avers. Accordingly, I recommend that his Application be denied, without prejudice to a new

---

[1] This observation is not meant as a criticism of Plaintiff. He openly referred to his girlfriend's part in his economic circumstances – doubtless because the Form refers to "spouse," and not to other family members not linked to him by marriage, he wrote "NA" in the spaces reserved for financial information regarding a spouse, not realizing that information regarding his girlfriend's finances would be required.

3

Application, with complete information regarding his household income, expenses and assets, so that a better assessment of his ability to pay can be made.

With his IFP motion denied, the preliminary screening provided for in § 1915[2] is not necessary, though it remains permissible. See Chiras v. Unibank, No. 11-40201-FDS, 2011 WL 6370033, at *1-2 (D. Mass. Dec. 16, 2011) (whether plaintiff may avoid an IFP preliminary screening by paying the filing fee moot when court already determined complaint failed to state a claim); D'Amario v. Roy, No. 08-24ML, 2008 WL 3200699, at *1 (D.R.I. Aug. 5, 2008) (even if plaintiff pays filing fee dismissal at screening still appropriate). Even if § 1915 is considered inapplicable once IFP status is denied, this Court retains the inherent authority to manage its cases. See Batavitchene v. O'Malley, No. 13-10729-GAO, 2013 WL 1682376, at *2 (D. Mass. Apr. 16, 2013) (while no preliminary screening is authorized when plaintiff has paid the filing fee and is not proceeding *in forma pauperis*, the court nevertheless retains inherent authority to manage its cases and review a case to determine whether or not it is frivolous). Accordingly, I observe that the Complaint, as currently crafted, does not appear to state a viable claim.

The Complaint's most significant defect is that Plaintiff has incorrectly invoked this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. Federal diversity jurisdiction is available only if <u>all</u> defendants are citizens of states other than the state where the plaintiff resides. 28 U.S.C. § 1332(a)(1); Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005) (§ 1332 requires complete diversity). With Plaintiff a citizen of Rhode Island, even one defendant that is also a citizen of Rhode Island is sufficient to make diversity jurisdiction unavailable. See Alvarez-Torres v. Ryder Mem'l Hosp., Inc., 582 F.3d 47, 54 (1st Cir. 2009) (court lacks subject-matter jurisdiction over complaint with one non-diverse defendant and only state-law claims).

---

[2] 28 U.S.C. § 1915(e)(2) states in pertinent part: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."

One such death knell to diversity jurisdiction is the defendant described in the Complaint as a "company located in Warwick RI," while two other entities are named whose citizenship is not identified. ECF No. 1 at 2. Further, all three of the entity defendants are apparently limited liability companies, so that the citizenship of their members must also be considered for purposes of determining whether there is diversity of citizenship. Augustyniak Ins. Grp., Inc. v. Astonish Results, L.P., No. 11-464S, 2013 WL 998770, at *2 (D.R.I. Mar. 13, 2013) (whether there is diversity must focus on citizenship of the members of limited liability company). Definitively fatal to diversity jurisdiction are four other diversity-busting defendants, who are described as residents of Warwick, Rhode Island, and North Kingstown, Rhode Island.

Without diversity jurisdiction, this Court lacks the power to entertain this case unless there is some other basis for jurisdiction. Because Plaintiff appears to plead a federal question, mindful of his *pro se* status,[3] I consider whether this Complaint contains enough facts to invoke federal question jurisdiction. 28 U.S.C. § 1331 (federal courts have original jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States). Careful review of the Complaint reveals that there are two potential candidates, but both fail to state a claim and therefore are insufficient to sustain federal question jurisdiction.

First, defendant invokes the protection of 42 U.S.C. § 4852d, the Residential Lead-Based Paint Hazard Reduction Act, which imposes obligations on the sellers and lessors of residential dwellings built prior to 1978 to warn about the risks of lead poisoning. 42 U.S.C. § 4852d(a)(1). The Act permits a purchaser or lessee who has been injured to recover treble damages. 42 U.S.C. §4852d(b)(3). However, the Act requires that a claimant must have actual damage. Kaye v. Acme Invs., Inc., No. 08-12570, 2008 WL 5188712, at *3-4 (E.D. Mich. Dec. 8, 2008);

---

[3] A document filed *pro se* is "to be liberally construed." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

5

Kearney v. Elias, No. 07-CV-149-JL, 2008 WL 3502116, at *5-8 (D.N.H. Aug. 11, 2008). As drafted, this Complaint has no allegation that any member of Plaintiff's family has been damaged by lead exposure or the failure to disclose or that Plaintiff has been damaged in some other way by the failure to warn about the risks of lead poisoning. Without such an allegation, the federal question in Count 11 is subject to dismissal.

The other potential federal claim mentioned by the Complaint is the Protecting Tenants at Foreclosure Act, 12 U.S.C. § 5220 *et seq.*, which Plaintiff refers to in Count 12. However, this statute does not create a private right of action. See, e.g., Bey v. PEF Capital Props., LLC, No. 3:12-CV-2371-L, 2013 WL 2094100, at *2 (N.D. Tex. May 15, 2013) (claim based on alleged violation of Protecting Tenants at Foreclosure Act fails as a matter of law because statute does not create a private right of action); Aurora Loan Servs., LLC v. Montoya, No. 2:11-CV-2485-MCE, 2011 WL 5508926, at* 3 n.3 (E.D. Cal. Nov. 9, 2011) (federal district courts have held that the Protecting Tenants at Foreclosure Act does not create a private right of action, listing cases). Accordingly, a claim based on the Act will fail as a matter of law.

With no viable federal question claim, this Complaint will be subject to dismissal for lack of diversity jurisdiction. Accordingly, if Plaintiff is inclined either to file a new and more complete Application for IFP status or to pay the filing fee and expend the resources necessary to serve and proceed, I also recommend that this Court require him to do so with an Amended Complaint that addresses these issues. Plaintiff's other alternative, with a Complaint that appears largely based on claims that arise under state law, is to bring the action in state court.

For all the foregoing reasons, I recommend that Plaintiff's Application to Proceed Without Prepayment of Fees be denied without prejudice to his refiling the Application with additional information. I further recommend that this Court order that Plaintiff accompany a

revised Application or the filing fee with an Amended Complaint within thirty days of this Court's adoption of this Report and Recommendation. If Plaintiff fails to do so, I recommend that this action be dismissed without prejudice.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its service. See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
April 11, 2014